UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-62041-Civ-Cohn/Seltzer

PATRICK OJO,

    Plaintiff,

vs.

CVS/PHARMACY,

    Defendant.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the Defendant's Motion to Dismiss Plaintiff's Complaint [DE 4]. The Court has carefully considered the motion and Complaint, and notes that Plaintiff has failed to respond to the Complaint by the response deadline of January 22, 2010.

Plaintiff filed his complaint in Circuit Court in and for Broward County, Florida, for wrongful termination of employment against his former employer, CVS Pharmacy ("CVS"). Plaintiff alleges that his termination was due to alleged violations of company policy as "retaliation as well as a diversionary tactics discerned to take away attention from the plaintiff's request to investigate supervisor PDM Brian Zeller's sinister motive that has resulted in series of unjustifiable witch hunting write ups." Complaint, page 1. Plaintiff's 17 page complaint does not allege any recognized discriminatory basis for his termination, such as his age, race, religion, disability, etc. Rather, he argues that CVS acted unfairly in supporting Plaintiff's supervisor's allegations. Plaintiff asserts that his dispute with his supervisor centered on Plaintiff's insistence on putting quality in ensuring correct dispensing of medication over the quantity goals of servicing more

customers within a given amount of time.[1]

Defendant removed this action to federal court on December 29, 2009, on the grounds of diversity jurisdiction, alleging that Plaintiff is a citizen of Florida and Defendant corporation is incorporated under the laws of Rhode Island with a principal place of business in Rhode Island.  Defendant further alleges that Plaintiff's complaint states that he is owed $9,000 per month from the date of his termination on October 30, 2009, and that because backpay is calculated from the date of termination through trial, if the trial is set at least eight and one half months from filing, the amount in controversy will exceed $75,000.  Plaintiff has not moved for remand by the deadline of January 28, 2009.

Defendant has moved to dismiss this action for failure to state a claim based upon which relief can be granted because Florida common law does not recognize a claim for wrongful termination.  Rosensweig v. Morgan Stanley & Co., Inc., 494 F.3d 1328, 1335 (11th Cir. 2007), citing Bass v. Metro Dade County Dep't of Corr. & Rehab., 798 So.2d 835, 836 (Fla. Dist. Ct. App. 2001).  This Court agrees that the Complaint only states a claim for common law wrongful termination, which does not exist in Florida.

---

[1] Plaintiff has not alleged that his termination was in retaliation for Plaintiff's objection to, or refusal to participate in, any activity, policy or practice of the employer which is in violation of a law, rule or regulation adopted pursuant to any federal, state or local statute or ordinance.  Florida Statutes § 448.102(3) & (4).  While this Court construes Plaintiff's Complaint liberally because he is proceeding *pro se,* a court is not permitted to act as counsel for a party or to rewrite deficient pleadings.  See, e.g., United States v. Stossel, 348 F.3d 1320, 1321 n.2 (11th Cir. 2003).

Accordingly it is **ORDERED and ADJUDGED** that the above-styled action is therefore **DISMISSED** for failure to state a claim.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 29th day of January, 2010.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies Furnished to:

Patrick Ojo, pro se
3791 NW 78th Avenue, Unit #6
Hollywood, FL 33024

Jennifer G. Chiampou, Esq.